### Haly's Estate.

*Practice, O. C.—Counsel fees—Findings of auditing judge.*

1. Where a trust company has been appointed trustee to sell decedent's real estate in partition proceedings and, before a sale is effected, the property is taken in condemnation proceedings and the award paid to the trustee, it is the duty of the auditing judge, under section 1 of the Act of April 27, 1864, P. L. 641, to regulate the fee of counsel employed by the trustee in the condemnation proceedings.

2. When the expert called by the attorney in the condemnation proceedings fixes the value of the services at 10 per cent. of the amount recovered, or $3615.66, and the trust officer of the company, a member of the bar, testifies that $1000 is a "full, fair fee" for all services rendered, the conflict of testimony is an element to be considered and the finding by the auditing judge that $1000 is an adequate fee is conclusive in the absence of manifest error.

Exceptions to adjudication.  O. C. Phila. Co., April T., 1883, No. 126.

*Saul, Ewing, Remick & Saul,* for exceptions; *Frazier & Frazier,* contra.

GUMMEY, J., April 22, 1922.—These exceptions relate to the action of the auditing judge in refusing to allow the exceptant, who is a member of the bar, the amount of his claim for services rendered in the matter of certain condemnation proceedings brought on behalf of the Commissioners of Fairmount Park, the exceptant contending that he was entitled to receive a fee of $3615.66, being 10 per cent. of the damages recovered, less $1000 already paid on account thereof, but which payment the auditing judge held to be sufficient compensation for the services rendered.

For the purposes of this opinion, it must be assumed that the award of the viewers was paid to the accountant, the Guarantee Trust and Safe Deposit Company, as trustee in partition, because in the year 1906, in pursuance of partition proceedings instituted in this court, the accountant was appointed trustee to make sale of the real estate; upon any other assumption, the accountant would not have been entitled to receive the money, as it was not trustee of the decedent's estate in any other capacity, and, therefore, it necessarily follows that it was the duty of the auditing judge to regulate the fee in accordance with the provisions of section 1 of the Act of April 27, 1864, P. L. 641—the partition proceedings having been instituted prior to the passage of the Partition Act of June 7, 1917, P. L. 337, which, in section 35 *(a)*, re-enacts the Act of 1864.

As we have frequently said, a question as to the value of services rendered by counsel is one of fact, and the finding of the auditing judge is conclusive in the absence of manifest error, and this, although another judge, on the same testimony, might have arrived at a different conclusion.  See Bergdoll's Estate, 25 Dist. R. 102.  In view, however, of the argument urged upon us by counsel for the exceptant, that, in accordance with the decision of the Supreme Court in Moore's Estate, No. 1, 228 Pa. 516, the auditing judge was bound by the testimony of Mr. Deeter, who was the only member of the bar called as an expert, and who expressed his opinion to the effect that the fee claimed was a reasonable and proper one and was the minimum fee which it was the general practice of the bar to charge in cases of this character. it should be pointed out that in Moore's Estate the decision was based on what the Supreme Court describes as "the mere naked conclusion that, under the testimony, the amount of the charge for services by counsel, as a whole, was excessive," further saying "that upon the record as it stands in this appeal, no sufficient reason appears for reducing the amount of the allowance claimed for counsel fees;" and in Wood's Estate, 272 Pa. 8, a distinction is drawn between an allowance to counsel for services in settling an estate, which "is

Haly's Estate.

largely a matter for the court below," and an allowance for legal services rendered a decedent in his lifetime, in which event counsel is "merely a creditor of the estate, and, his claim being challenged by exceptant, the burden of proof is upon him." See, also, Eisenlohr's Estate, No. 1, 258 Pa. 431. Nor should it be overlooked that Mr. Deeter was not the only member of the bar to express his opinion. Mr. Shepard, who is also a member of the bar as well as trust officer of the Guarantee Trust and Safe Deposit Company, testified to the effect that he was familiar with the services rendered by Mr. Stewart, that the board of directors of the company had instructed him not to pay Mr. Stewart more than $1000, and, to quote Mr. Shepard, "I felt that was a full, fair fee for all the services;" so that there was a conflict of testimony as to what would be a reasonable fee under the circumstances. The exceptions are dismissed.